**Date Signed:**
April 4, 2023



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| In re: | Case No. 21-00222 |
|---|---|
| MARYLIN FELIPE CSIGI, | Chapter 13 |
|  | Related Dkt. No.: 36 |
| Debtor. |  |

## ORDER DENYING MOTION TO MODIFY CONFIRMED PLAN

Unsecured creditor Villia Ponce – acting as successor trustee to the Filomena Felipe Trust – filed a motion to modify the debtor's confirmed chapter 13 plan. Ms. Ponce has requested: (1) that the plan payments be increased to account for the allowance of an $858,639.00 unsecured claim; and (2) increase the duration of the plan from three years to five years. At the hearing on the motion on March 14, 2023, I orally denied the request for

1

a change in plan payment amount for the reasons stated on the record. For the reasons indicated below, I will DENY the request to extend the plan term.

I. BACKGROUND

Prior to filing her bankruptcy petition, Ms. Csigi was the defendant in a probate court proceeding in which Ms. Ponce, Ms. Csigi's sister, alleged that Ms. Csigi has misused trust funds while acting as trustee of their mother's trust. The probate court determined that Ms. Csigi had misused trust funds and should be surcharged, removed the debtor as trustee, and appointed Ms. Ponce as successor trustee. Before the probate court determined the amount of the surcharge, Ms. Csigi filed her bankruptcy petition. The debtor scheduled a claim for the trust for $200,000 and used this amount in formulating the confirmed plan.

Ms. Ponce, as successor trustee, filed an adversary proceeding (Adversary Proceeding No. 21-90012) requesting that the court determine the amount of the surcharge as well as find that, pursuant to 11 U.S.C. § 523(a)(4), the surcharge would not be discharged as it was a debt arising

from defalcation while Ms. Csigi was acting in a fiduciary capacity. After trial, the court entered Findings of Fact and Conclusions of Law on December 9, 2022 which determined that the amount of the surcharge was $858,639.00 and that this amount was not dischargeable in bankruptcy. The debtor has appealed and that proceeding is currently pending.

## II. LEGAL STANDARD

In a chapter 13 case, only the debtor may propose a plan.[1] But multiple parties, including an unsecured creditor, may move to modify the plan.[2]

Section 1329 addresses plan modifications. It establishes four types of permissible modifications and states the standards under which the court must evaluate the modification. Although the statute says nothing about the circumstances in which a party can seek to modify a plan, most courts approve plan modifications proposed by a trustee or unsecured creditor

---

[1] 11 U.S.C. § 1321.
[2] 11 U.S.C. § 1329.

3

only if there have been unanticipated substantial changes in the debtor's income or expenses.[3]

This is consistent with the strong public policy of according finality and res judicata effect to Chapter 13 plan confirmation orders regarding all issues that were or should have been argued during confirmation.[4] "Under § 1327(a), '[t]he provisions of a confirmed plan bind the debtor and each creditor provided for by the plan and whether or not such creditor has object to, has accepted, or has rejected the plan.' 11 U.S.C. § 1327(a). Thus absent a timely appeal, a confirmation order is *res judicata* and not subject to collateral attack."[5]

---

[3] *See* 8 Collier on Bankruptcy ¶ 1329.03 (16th ed. 2022).
[4] *Duplessis v. Valenti (In re Valenti)* 310, B.R. 138, 145 (BAP 9th Cir. 2004) (citing *Multnomah County v. Ivory (In re Ivory)*, 70 F.3d 73 (9th Cir. 1995)); *see also Great Lakes Higher Education Corp. v. Pardee (In re Pardee)*, 193 F.3d 1083, 1087 (9th Cir. 1999) ("We find no reason to depart from the well-settled policy that confirmation orders are final orders that are given preclusive effect. Regardless of whether the plan should have been confirmed with the discharge provision, the BAP was correct in holding that, 'the Plan is res judicata as to all issues that could have or should have been litigated at the confirmation hearing.'").
[5] *Pees v. Storey (In re Storey)*, 392 B.R. 266 (BAP 6th Cir. 2008).

This view is also consistent with section 1330, which allows the court to revoke confirmation of a Chapter 13 plan only in extreme circumstances. "That section provides a narrow exception to res judicata and finality, limited in two important ways: the request for revocation must be made 'within 180 days after the date of the entry of [the Confirmation Order]' and revocation is only authorized 'if such order was procured by fraud.' 11 U.S.C. § 1330(a)."[6]

## III.   DISCUSSION

Ms. Ponce requests that the term of the debtor's chapter 13 plan be increased from three years to five years. Ms. Ponce argues that Ms. Csigi failed to disclose monthly payments of $1,500.00 that her family was receiving from a pre-petition settlement with a third party. Ms. Ponce argues that, if the settlement payments are included in Ms. Csigi's income, her plan must have a five-year term.

Section 1325(b) provides that, if the trustee or an unsecured creditor objects to confirmation of a chapter 13 plan, the court may confirm that

---

[6] *In re Valenti*, 310 B.R. at 145 (BAP 9th Cir. 2004).

5

plan only if (1) the plan provides for full payment of unsecured claims or (2) the plan provides that all of the debtor's "projected disposable income" received during the "applicable commitment period" will be distributed to unsecured creditors. Both the trustee and Ms. Ponce objected to confirmation of Ms. Csigi's proposed plan. Because Ms. Csigi's plan does not provide full payment to unsecured creditors, the second criterion applied at the time of confirmation.

Under section 1325(b)(4), the "applicable commitment period" depends on whether the debtor's "current monthly income" is greater than the median income for the debtor's location and family size.

The calculation of the "applicable commitment period" is set forth in form 122C-1. Part 1 of that form requires the debtor to disclose the average monthly income they received in the six months before the debtor filed the petition. Ms. Csigi reported that she and her husband received a total of $4,800 of unemployment compensation and a $2,000 "family contribution," for a total average monthly income of $6,800. Ms. Csigi did not disclose,

6

however, that she was receiving $1,500.00 per month from the settlement. This means that her "current monthly income" was really $8,300.

When the court confirmed Ms. Csigi's plan, the median family income for a family of two was $83,198 per year, or $6,933 per month.[7] Thus, her current monthly income exceeded the applicable median and her plan should have had a five-year term. Because no one challenged Ms. Csigi's assertion that her CMI totaled $6,800, the plan was confirmed with a three-year term.

This issue could have been raised when the plan was confirmed and it is, therefore, barred under the preclusion doctrine. There has not been an unanticipated change of income and expenses that must support a creditor's proposal to modify the plan.[8]

---

[7] Dep't of Justice, Census Bureau Median Family Income By Family Size (Cases Field Between November 1, 2020 and March 31, 2021, Inclusive), https://www.justice.gov/ust/eo/bapcpa/20201101/bci_data/median_income_table.htm

[8] *In re Storey*, 392 B.R. at 273 (BAP 6th Cir. 2008) ("Regardless of whether the Plan as originally confirmed failed to satisfy the requirements of § 1325(b)(1), no timely objection was raised. The fact that the Trustee's failure to object was based on his mathematical miscalculation or due to the unsettled law regarding the meaning of 'applicable commitment period' is

7

U.S. Bankruptcy Court - Hawaii   #21-00222   Dkt # 48   Filed  04/04/23   Page 7 of 9

Requiring a plan modification based on this incomplete disclosure would also conflict with another Code provision. Section 1330(a) permits the court to revoke a confirmation order that was "procured by fraud." It is not clear that Ms. Csigi's nondisclosure was fraudulent, because she did disclose the existence of the settlement in her schedules. Even if there were fraud, the time for revocation of a confirmation order pursuant to this section has expired.[9]

## IV. CONCLUSION

For the above reasons, the Movant's motion to modify the confirmed plan is DENIED in its entirety. As I ordered at the hearing, Ms. Csigi will be required to file quarterly declaration disclosing the amounts received

---

of no avail. The required plan length was an issue that could have been decided at confirmation had the Trustee or an unsecured creditor with an allowed claim objected. As such, the Trustee is barred from now raising the issue by means of a plan modification under § 1327(a).").

[9] It is also not clear that the result would have been different if the issue had been raised. Although I express no opinion on the question, I note that there is a split in case law as to whether unemployment benefits are excluded from current monthly income as "benefits received under the Social Security Act." *See, e.g. In re Adinolfi*, 543 B.R. 612 (BAP 9th Cir. 2016) (Jury, J., dissenting).

U.S. Bankruptcy Court - Hawaii   #21-00222   Dkt # 48   Filed  04/04/23   Page 8 of 9

under the pre-petition settlement and the amounts of family contributions used for plan payments.

**END OF ORDER**